UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BETH FEELEY,

    Plaintiff,

v.                                           Civil Action No. 1:08-cv-1212 GBL/TCB

TOTAL REALTY MANAGEMENT, LLC, et al.,

    Defendants.

---

STEPHEN ABRAHAM, et al.,

    Plaintiffs,

v.                                           Civil Action No. 1:09-cv-6 GBL/TCB

TOTAL REALTY MANAGEMENT, LLC, et al.,    (CONSOLIDATED)

    Defendants.

## MOTION TO QUASH REQUEST FOR SUBPOENA *DUCES TECUM*

COMES NOW, ROBERT D. DAIN, ESQUIRE, of the law firm, Dain, Walker, Sobhani & Nicoli, P.L.L.C., and files this Motion to Quash and alleges as follows:

1.     On or about June 17, 2009, Plaintiffs filed a Request for Subpoena *Duces Tecum* on Attorney Robert D. Dain, Esq., seeking attorney-client privileged documents, said subpoena is attached hereto as Exhibit A.

2.     That Attorney Robert D. Dain, Esq. has acted as Counsel and has rendered legal advice to Defendant, TOTAL REALTY MANAGEMENT, LLC, and its principals, Mark Dain and Mark Jalajel, creating an attorney-client relationship.

3.     That Plaintiffs' subpoena demands that counsel produce various documents which include attorney-client privilege and attorney work-product.

4. That Attorney Robert D. Dain, Esq. has not been named in a notice of a deposition by the Plaintiffs in the present litigation.

5. In Jones v. Continental Casualty Co, 512 F. Supp. 1205 (E.D.Va.1981), the United States District Court for the Eastern District of Virginia, Richmond Division sustained a motion to quash a subpoena *duces tecum* issued against a non-party asserting that the documents were protected by the attorney-client privilege. The Court, in quashing the subpoena *duces tecum*, found it unnecessary to address the merits of the privilege argument, finding that the subpoena commanding the production of documents was improperly used as a method of discovery where a non-party has not been deposed. In the instant matter, the Plaintiffs are attempting to use the subpoena at issue as a method of discovery, thus the subpoena should be quashed by this Honorable Court.

6. In the case of In re Martin Marietta Corporation v. Pollard 856 F.2d 619 (4th Cir. 1988), the United States Fourth Circuit Court of Appeals clearly stated that a subpoena *duces tecum* calling for the production of privileged communications should be quashed. In this case, the Plaintiffs' subpoena calls for information and documents directly relating and regarding the legal counsel offered by Attorney Robert D. Dain, Esq. to both the Defendant and the two principals of the Defendant, Mark Dain and Mark Jalajel, and therefore, should be quashed.

WHEREFORE, in consideration of the foregoing, ROBERT D. DAIN, ESQ. prays that this Honorable Court enter an Order Denying Plaintiffs' Request for Subpoena *Duces Tecum*, and such other relief as the Court deems just and appropriate.

SUBMITTED this 1st day of July, 2009.

                            ROBERT D. DAIN, ESQ.

                            _____/s/_____
                            Robert D. Dain, Esq., VSB No. 17040
                            Dain, Walker, Sobhani & Nicoli, PLLC
                            1810 Michael Faraday Drive, First Floor
                            Reston, Virginia 20190
                            Tel: (703) 435-0000

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Martin C. Conway, VSB 34334
John C. Altmiller, VSB 34902
S. Jill Pisner, VSB 31227
PENSER | KAWAMOTO | CONWAY, PLC
7926 Jones Branch Drive, Suite 930
McLean, Virginia 22102
703-506-9440
703-991-2274 (fax)
jpisner@pkc-law.com
*Counsel for Plaintiffs*

William David Dolan, III, VSB 12455
Venable, LLP
8010 Towers Crescent Drive
Vienna, Virginia 22182
(703) 760-1684
(703) 821-8949 (fax)
wddolan@venable.com
*Counsel for Southeastern Waterfront Marketing, Inc., Southeastern Land Sales, Inc., R.A. North Development I, Inc. and R.A. North Development, Inc.*

Erika Jensene Karnaszeewski, VSB 76031
George Everitt Kostel, VSB 34757
Nelson Mullins Riley & Scarborough, LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 712-2800
(202) 712-2897 (fax)
(703) 641-4226
(703) 478-8003 (fax)
George.kostel@nelsonmullins.com
*Counsel for Carolina First Bank, Jeffrey D. Null, Trustee and Beach First National Bank*

Glenn D. Kennett, VSB 65621
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8375
(202) 663-8007 (fax)
Glenn.kennett@pillsburylaw.com
*Counsel for Maryville Partners, Inc.*

Alan Steven Shachter, VSB 12665
10561 Crestwood Drive
Manassas, VA 20109
(703) 369-1001
ashachter2@verizon.net
*Counsel for Defendant Meier*

Lenore C. Garon, VSB 39934
Law Office of Lenore C. Garon
2412 Falls Place Ct
Falls Church, VA 22043-3009
703-534-6662
Fax: 703-534-4448
Lenore@lenorecgaron.com
*Counsel for Cooperative Bank for Savings, Inc. and Frederick Willetts, III, Trustee*

Curtis Gilbert Manchester, VSB 32696
Travis Aaron Sabalewski, VSB 47368
Reed Smith, LLP
901 E Byrd St
Suite 1700
Richmond, VA 23219-4068
cmanchester@reedsmith.com
tsbalewski@reedsmith.com
*Counsel for SunTrust Mortgage, Inc.*

Virginia Witner Hoptman, VSB 65565
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike
Tysons Corner, VA 22182-2738
(703) 790-3310
vhoptman@wcsr.com
*Counsel for Branch Banking and Trust Company of South Carolina and BB&T Collateral Service Corporation, Trustee*

Arthur Thomas Kelley Norris, VSB 32536
Lee & McShane, PC
1211 Connecticut Avenue, NW
Suite 425
Washington, DC 20036
(202) 530-8100
Fax: (202) 530-0402
atn@lee-mcshane.com
*Counsel for Woodlands Bank and John T. Harris, Trustee*

Charles T. Busby
P.O. Box 818
Hampstead, NC 28443-0818
(910) 270-8830
*Pro Se*

Jeffrey M. Sherman
Semmes, Bowen & Semmes
1001 Connecticut Ave., Suite 1100
Washington, DC 20036
(202) 822-8250
(202) 293-2649 (fax)
jsherman@semmes.com
*Counsel for Bryan S. Ross, Trustee in Bankruptcy for Total Realty Management, LLC*

Jodie Hermann
M. Melissa Glassman
McGuire Woods LLP
1750 Tyson Blvd., Suite 1800
McLean, VA 22102
Phone: (703) 712-5438
Fax: (703) 712-5282
jhermann@mcguirewoods.com
mglassman@mcguirewoods.com
*Counsel for Bank of America, N.A. and Prlap, Inc.*

Thomas John McKee, Jr.
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, VA 22102
Phone: (702) 760-5200
tmckee@williamsmullen.com
*Counsel for Woodland Banks and John T. Harris*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Michal McCracken
6488 Palisades Drive
Centreville, VA 20121

Cari Dueterman
11795 Antietam Road
Woodbridge, VA 22192

Mark Ahmed Jalajel
4315 Windermere View Place
Woodbridge, VA 20121

John T. Moore, Esquire
Nelson Mullins Riley & Scarborough LLP
Columbia-Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
Phone: (803) 255-9415
Fax: (803) 255-5522
johnmoore@nelsonmullins.com
*Counsel for Beach First Bank*

Amanda A. Bailer, Esq.
McNair Law Firm PA
P.O. Box 336
Myrtle Bearch, SC 29578
Phone: (848) 444-1107
Fax: (848_ 946-5962

Mark Dain
1302 Yates Circle
Fredericksburg, VA 22401

Charles T. Busby
P.O. Box 396
Hamstead, NC 28443

Steven Ramsdell
Tyler, Bartl, Gorman & Ramsdell, P.L.C.
700 South Washington St., Suite 216
Alexandria, VA 22314
Phone: (703) 549-5000
Fax: (703) 549-5011
*Bankruptcy Counsel for Mark Jalajel*

Martin J. Yeager, Esq.
Bean, Kinney & Korman, PC
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
Phone: (703) 525-4000
Fax: (703) 525-2207
myeager@beankinney.com
*Counsel for Total Realty Management, LLC*

/s/
Robert D. Dain, Esq., VSB 17040
Dain, Walker, Sobhani & Nicoli, PLLC
1810 Michael Faraday Drive, First Floor
Reston, Virginia 20190
Tel: (703) 435-0000

…

**EXHIBIT A**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern DISTRICT OF Virginia

Beth A. Feeley, et al.,

V.

Total Realty Management, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:08cv1212 GBL/TCB

TO: Law Office of Robert Dain
1810 Michael Faraday Drive, Suite 102
Reston, VA 20191-5353

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

[Please see attached]

| PLACE | DATE AND TIME |
|---|---|
| Pesner Kawamoto Conway 7926 Jones Branch Drive Suite 930 McLean, VA 22102 | 7/7/2009 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty. for Plaintiff | 6/17/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John C. Altmiller
7926 Jones Branch Drive McLean, VA 22102; Suite 930 (703) 506-9440

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Exhibit A Subpoena Duces Tecum – Law Office of Robert Dain ("R. Dain")

<u>Definitions</u>

The term "document" is intended to be comprehensive and to include, without limitation, all original writings of any nature whatsoever, copies and drafts which, by reason of notes, changes, initials, or identification marks are not identical to the original, and all non-identical original copies thereof. In all cases where original or non-original copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

The term "document" includes, but is not limited to, correspondence, memoranda, contracts, leases, agreements, resolutions, corporate minutes, invoices, credit memoranda, credit files, records, data sheets, purchase orders, tabulations, reports, bills of lading, evaluations, work papers, summaries, opinions, journals, statistical records, sales reports, financial reports, checks, notes, transcriptions, telegrams, teletypes, telex messages, telefaxes, recordings of telephone calls, and other communications, including but not limited to notes, notations, memoranda, and other writings of or relating to telephone conversations and conferences, minutes and notes of transcriptions of all meetings and other communications of any type, microfiche, microfilms, tapes or other records, logs and any other information which is stored or carried electronically, by means of computer equipment or otherwise, and which can be retrieved in printed, graphic, or audio form.

1. Any and all documents relating to the sale of lots from R.A. North Development I, Inc. ("R.A.N.D. I") and/or R.A. North Development, Inc. ("R.A.N.D.") (collectively to be referred to as "R.A. North") to Total Realty Management, LLC. ("TRM").

2. Any and all documents relating to the sale of lots from any person or entity to TRM.

3. Any and all documents relating to the relationship between R.A. North and TRM.

4. Any and all documents relating to the sale of lots from Maryville Partners ("Maryville) to TRM.

5. Any and all documents relating to the relationship between Maryville and TRM.

6. Any and all documents relating to Southeastern Waterfront Marketing, Inc. ("SWM") and/or Southeastern Land Sales, Inc. ("SLS"). Henceforth, entities to be collectively referred to as "Southeastern."

7. Any and all documents relating to the following entities, including without limitation, documents showing their formation, operation and/or dissolution, and including without limitation documents showing any and all transfers of money, property or anything of value into or out of the following entities:

    a) Madrid Investment Holdings, L.L.C. ("Madrid Investments");
    b) Total Realty Management Coastal Living, LLC ("TRM Coastal Living");
    c) Total Realty Management Waterfront, LLC ("TRM Waterfront");
    d) Total Realty Management Properties, LLC ("TRM Properties");
    e) Carolina Waters, L.L.C. ("Carolina Waters");
    f) Bavaria Holding and Investment, L.L.C. ("Bavaria"); and
    g) Legacy Development SC Group, LLC and/or Legacy Estates (collectively, "Legacy").

8. Any and all documents relating to the following persons or entities, and relating to their relationship with TRM:
    a) Live Grip;
    b) Catoctin Mortgage, LLC;
    c) Richard Mace Watts;
    d) Chris Tonkinson;
    e) Heath Schexneider;
    f) Lauren Wingate;
    g) Mary Flenniken;
    h) Scott Brogan;
    i) The Law office of Robert Dain;
    j) Robert Dain individually;
    k) Paragon Mortgage Consultants, Inc. a/k/a Paragon Mortgage of Wilmington, LLC ("Paragon");
    l) Mark Dain ("Dain");
    m) Mark Jalajel ("Jalajel");
    n) Brian Viola;
    o) Daniel Meier;
    p) Thomas Meier;
    q) Mike McCracken;
    r) Ron LeGrand;
    s) Steve Zerkle;
    t) John Boden; and
    u) Christina Perdue.

9. Any and all documents relating to Carrie Deuterman ("Deuterman"), the role of Deuterman at TRM, including without limitation, documents referring to, outlining, describing Deuterman's role, job responsibilities, the mortgage process, selecting banks, preparing loan applications to submit to banks and/or obtaining mortgages on behalf of potential purchasers.

10. Any and all documents relating to the marketing of lots for sale in the following subdivisions, including without limitation promotional materials distributed by hand, mail, and/or internet:

    a) Summerhouse on Everett Bay ("Summerhouse");
    b) Cannonsgate on Bogue Sound ("Cannonsgate"); and
    c) Craven's Grant at Winyah Bay ("Craven's Grant").

11. Any and all documents relating to the marketing materials provided by Southeastern to TRM, including without limitation electronic and hard copy versions of brochures, maps, and videos.

12. Any and all documents, including without limitation, calendars, time records, diaries, and receipts relating to R. Dain's participation in TRM's marketing efforts at any locations, including without limitation, seminars conducted at hotels, at individual homes, at TRM, golf outings, dinners, over the internet, phone or in person.

13. Any and all documents relating to the compensation, including without limitation, referral fees or commissions, received by referral agents, agents and/or employees of TRM when a lot was sold in any or all of Summerhouse, Cannonsgate, or Craven's Grant (Collectively, the "Subdivisions").

14. Any and all documents relating to the following individuals' employment, status as independent contractor, and/or agency with TRM, including without limitation, documents relating to commissions, referral fees, or any other amounts paid to them as a result of the sale of any lot in any or all of the Subdivisions:
    a) Robert Dain;
    b) Thomas Meier; and
    c) Daniel Meier.

15. Any and all documents relating to the compensation, including without limitation, referral fees or commissions, paid by TRM to purchasers of lots in the Subdivisions

when a lot was sold in any of the Subdivisions based upon the referral of the purchaser.

16. Any and all documents relating to the payroll service used by TRM.

17. Copies of computer hard drives for computers provided by TRM to its employees, agents, and/or independent contractors for the purpose of facilitating TRM's business.

18. Any and all correspondence, including without limitation, emails between any or all employees, agents, sales agents, any other person working for or on behalf of TRM.

19. Any and all correspondence, including without limitation, emails between any or all employees, agents, sales agents, any other person working for or on behalf of TRM and potential purchasers in any or all of the Subdivisions.

20. Any and all correspondence, including without limitation, emails between any or all employees, agents, sales agents, any other person working for or on behalf of TRM and any or all employees, agents, loan officers, any other person working for or on behalf of the following entities:
    a) Bank of America, N.A.;
    b) Carolina First Bank;
    c) Cooperative Bank for Savings, Inc.;
    d) SunTrust Mortgage, Inc.;
    e) Branch Banking and Trust Company of South Carolina;
    f) Woodlands Bank; and
    g) Beach First National Bank.

21. Any and all documents relating to the "Coastal Investment Fund" or the "Heritage Investment Fund," and the use of any money from such funds.

22. Any and all documents relating to the solicitation or acquisition of personal financial information from potential purchasers in order to secure loans for potential purchasers of lots in the Subdivisions.

23. Any and all documents, including without limitation, documents, training materials, or instructions from TRM outlining or defining the financial information to be collected from each prospective purchaser.

24. Any and all documents relating to the preparation of Uniform Residential Loan Applications by TRM on behalf of potential purchasers of lots in the Subdivisions.

25. Any and all documents relating to the submission of loan applications to banks on behalf of potential purchasers of lots in the Subdivisions.

26. Any and all documents relating to the training of employees or agents of TRM in how to obtain the signatures of potential purchasers of lots in the Subdivisions on loan applications, HUD-1 settlement statements, deeds of trust and/or any other documents requiring signature by the potential purchasers in order to finalize the sale of properties in the Subdivisions.

27. Any and all documents relating to the notarization by TRM employees and/or agents of documents signed by purchasers of lots in the Subdivisions.

28. Any and all documents relating to second mortgages, second deeds of trust and the release of the second mortgages and/or deeds of trust after closing on the sale of a lot in any of the Subdivisions, including without limitation, instructions on what to tell the buyer, and/or instructions, explanations or directions as to how the second trusts would be released.

29. Any and all documents relating to the provision of property reports to potential purchasers of lots in the Subdivisions in compliance with The Interstate Land Sales Act, 15 U.S.C. §1701, et. seq.

30. Any and all documents relating to the selection and hiring of appraisers in North Carolina and South Carolina with regard to the lots in the Subdivisions.

31. Any and all documents relating to the selection of banks to provide loans to the purchasers of lots in the Subdivisions.

32. Any and all documents relating to the twelve months, two years and/or eighteen months of mortgage interest payments and/or rebates to be provided by TRM to purchasers of lots in the Subdivisions.

33. Inventory lists, and any and all documents relating to the inventory lists of properties for sale by TRM.

34. Any and all documents relating to TRM's assertion that it bought lots in the Subdivisions in bulk.

35. Any and all documents relating to the relationship between TRM and the following entities, including without limitation any agreements or procedures for the preparation of loan applications, the requirements for loan approval, and/or obtaining appraisals:

    a) Bank of America, N.A.;
    b) Carolina First Bank;
    c) Cooperative Bank for Savings, Inc.;
    d) SunTrust Mortgage, Inc.;
    e) Branch Banking and Trust Company of South Carolina;
    f) Woodlands Bank; and
    g) Beach First National Bank.

36. Any and all documents relating to the provision by TRM of Mercedes and/or BMW cars to employees or agents of TRM.

37. Any and all documents relating to Cherokee Valley in South Carolina.

38. Any and all documents relating to Legacy Estates at Barefoot Resorts in South Carolina, Ron LeGrand, and/or Kenneth Gwynn.

39. Any and all documents relating to prohibited words or phrases to be used by TRM's employees or agents in relation to any lots for sale in any of the Subdivisions or in any marketing materials.

40. Any and all documents relating to Christian Pernell or Lisa Bass or any and all advertisements or solicitations on Craigslist relating to any or all of the Subdivisions.